IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DISCOVER BANK,** <br> **an FDIC Insured Delaware State Bank** <br> **through its servicing agent,** <br> **Discover Financial Services, Inc.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **SUSAN D. WHITAKER,** <br><br> **Defendant.** | **CIVIL ACTION** <br><br> **No. 05-2027-CM** |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Discover Bank's Motion to Remand (Doc. 2).

**I.     Background**

Plaintiff Discover Bank filed suit in the District Court of Johnson County, Kansas against Defendant Susan D. Whitaker to obtain a judgment for a debt which defendant allegedly owes plaintiff. On December 3, 2004, a copy of the petition was left at defendant's residence and also mailed to defendant on the same date. Defendant originally stated that she received a copy of plaintiff's petition on or about December 14, 2004. In response, plaintiff argued that defendant could not have received the petition on December 14, 2004, because defendant filed a counterclaim and answer to the petition on December 13, 2004.[1] Defendant does not dispute that she filed her counterclaim and answer on December 13, 2004, and states

---

[1] Defendant filed Defendant's Motion to Invoke "Preemption Doctrine" In Support of Removal of Action from State Court to Federal Court (Doc. 17) on July 13, 2005. Pursuant to D. Kan. Rule 6.1 (d)(1), defendant's motion is untimely because it was filed more than 14 days after plaintiff's response. As such, the court did not consider this motion in its ruling.

that she may have received the petition on December 13, 2004, rather than on December 14, 2004, but that the mistake was merely a clerical error she is entitled to make as a pro se defendant.

On January 11, 2005, defendant filed a notice of removal pursuant to 28 U.S.C. § 1441. In support of removal, defendant asserts that this court has had original jurisdiction in this matter since October 30, 2003, when defendant brought a separate suit against different defendants in this court, filed under case number 03-2551. Plaintiff argues that the federal district court does not have jurisdiction to hear this case. Plaintiff contends its cause of action is based solely on state law, as it is an action to obtain a judgment for an unpaid debt. Plaintiff additionally contends that defendant failed to remove the case within the thirty day limit as required by 28 U.S.C. § 1446(b).

**II.     Standards for Removal**

The applicable removal statute provides that "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The burden is on the party requesting removal to demonstrate that the court has original jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The court must resolve any doubts concerning removability in favor of remand. *J.W. Petroleum, Inc. v. Lange*, 787 F. Supp. 975, 977 (D. Kan. 1992).

**III.    Analysis**

    **A.     Removal**

"Failure to timely file a notice for removal is a defect requiring to remand to the state court." *First Nat'l Bank & Trust Co. v. Nicholas*, 768 F. Supp. 788, 790 (D. Kan. 1991) (citing *Knudsen v.*

*Samuels*, 715 F. Supp. 1505, 1507 (D. Kan. 1989)). "The time limitation is strictly enforced and not subject to extension by consent of the parties or order of the court." *Id.* Further, "removal statutes are strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers." *Id.*

Plaintiff contends that remand is warranted because defendant's notice of removal was not filed within thirty days from the date defendant received a copy of the petition sent by regular mail on December 3, 2004. Defendant does not dispute that plaintiff left a copy of the petition at defendant's residence and mailed a copy on said date. However, she contends that the thirty day time limit for removal begins to run after "receipt" of the petition by the defendant, which occurred on December 13, 2004.

"There is a split in authority as to whether the 30 day period to file a notice of removal begins to run from the date of service of the complaint (or petition), or from the date of receipt of a copy of the complaint (or petition)." *Rothwell v. Durbin*, 872 F. Supp. 880, 881 (D. Kan. 1994). "A number of district courts have held that only 'service' complying with all technical rules starts the clock under § 1446(b)." *Id.* However, "other district courts have held that § 1446(b) means what it says." *Id.*

In *Rothwell*, the Kansas district court adopted the receipt standard, holding that the defendant should have received a copy of the petition "through service or otherwise" shortly after it was mailed, thus starting the clock to run on the thirty day time limit. *Id.* Courts employing the receipt rule have held that the key to the time for removal under § 1446(b) is the date of actual or constructive receipt by the defendant of the initial pleading setting forth the removable claim. *Wickham v. Omark Indus.*, No. 92-2286-JWL, 1993 WL 393012, at * 2 (D. Kan. Sept. 28, 1993). The rationale of the receipt rule is to give effect to the plain meaning of the statute's language. *Id.* The receipt rule also harmonizes with the well-established rule

of strictly construing the removal statutes and resolving any doubt in favor of remand. *Id.* at *3 (citing *Tyler v. Prudential Ins. Co. of Am.*, 524 F. Supp. 1211, 1213 (W. D. Pa. 1981); *Martin Pet Prods. (U.S.), Inc. v. Lawrence*, 814 F. Supp. 56, 57 (D. Kan. 1993)). For these reasons, this court chooses to follow the receipt rule in this case.

In this case, the statutory period began to run when defendant actually or constructively received a copy of the petition "through service or otherwise" shortly after it was mailed and also left at her residence on December 3, 2004.

The court finds that defendant had constructive notice immediately after plaintiff left a copy of the petition at defendant's residence on December 3, 2005 thus starting the time period for removal. Defendant did not file notice of removal until January 11, 2005, which is more than 30 days as allowed by 28 U.S.C. § 1446(b). Therefore, the court grants plaintiff's motion for remand and directs that this case return to the state district court in Johnson County, Kansas.

### B.     Attorney Fees

Plaintiff requests that the court award attorney's fees for moving to remand this action to state court. The court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U. S. C. § 1447(c). The decision whether to award attorney fees is discretionary. *Noel v. Pizza Hut, Inc.*, No. 91-1201-T, 1991 WL 192117, at *3 (D. Kan. Sep. 18, 1991). Generally, the court is more likely to award costs in removal actions that are frivolous. *First Nat'l Bank & Trust Co.*, 768 F. Supp. at 792.

In this case an award of costs is not justified, as defendant appears pro se and has presented a good faith attempt to remove this case to federal court. Plaintiff has done little to demonstrate that an

-4-

award of attorney's fees is appropriate. Under these circumstances, the court does not believe that an award of attorney fees is merited or warranted.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Doc. 2) is granted. This case is hereby remanded to the District Court of Johnson County, Kansas.

**IT IS FURTHER ORDERED** that plaintiff's request for attorney's fees associated with obtaining this remand order is denied.

Dated this 27th day of July 2005, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
